WALTER G. HOUGLAND, Inc. v.
MUSCOVALLEY.

The WALTER G. HOUGLAND.
The J W S.
No. 11145.

United States Court of Appeals
Sixth Circuit.
Oct. 16, 1950.

James G. Wheeler, Paducah, Ky., James G. Wheeler, Thos. J. Marshall, Jr. (of Wheeler & Marshall), all of Paducah, Ky., on the brief, for appellants.

Edward B. Hayes, Chicago, Ill., Edward B. Hayes, Chicago, Ill., Wm. Mellor, Louisville, Ky., on the brief, for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

A final decree for damages was entered below in favor of the libellant owner of the Tugboat J W S, which was sunk in the Mississippi River as a result, as found by the district court, of the negligent navigation of the pilot of a towing motor vessel, the Walter G. Hougland.

The district judge filed a carefully prepared memorandum, including the findings of fact and conclusions of law in support of his decision, from which it appears that The Hougland was negligent in exposing the "little boat" J W S (which was attached to the starboard side of the aft barge in the tow being pushed upstream by The Hougland) to the direct force of the swells of a down-bound Socony-Vacuum vessel and tow. This negligence consisted in the failure of The Hougland to remain on or near the east bank of the river, in failing to make a port-to-port passing with the down-bound flotilla, and in piloting The Hougland directly across the path of the Socony-Vacuum tow, thereby exposing The J W S

to the choppy river, the strong current, and the swells of the Socony-Vacuum tow. The J W S sank in consequence of this negligence.

The findings of fact present in clear detail a narrative of the occurrence, which we deem unnecessary to repeat. These findings are supported by substantial evidence and are certainly not against the clear preponderance of the evidence.

In Great Lakes Towing Co. v. American S. S. Co., 6 Cir., 165 F.2d 368, this court held that an appeal in admiralty is a trial *de novo,* but that findings of fact of the trial court will not be set aside unless they are against the clear preponderance of the evidence. See also The Wilhelm, 1893, 6 Cir., 59 F. 169; The William A. Paine, 1930, 6 Cir., 39 F.2d 586, 588; and The Home Insurance Co. v. Ciconett, 1950, 6 Cir., 179 F.2d 892, 896.

The point is made by appellants that the negligent acts shown in evidence and found by the district court were not charged in the libel and that, therefore, the libel should be dismissed. We are unable to accept that argument as sound. After the trial, the libellant tendered an amendment to his libel, which apparently was not officially filed, in which he did charge in broad terms the negligence upon which the district court found liability. As early as 1870, the Supreme Court held that although a libel in admiralty failed to state the specific sort of negligence which caused a collision but alleged facts not shown; yet, where the true cause of the collision was disclosed by the respondent's witnesses so that respondent could not appropriately allege surprise and it appeared that omission to state the true cause of the collision was without any design, the court would extract the real case from the whole record and decide it accordingly. The Steamer Syracuse, 12 Wall. 167, 79 U.S. 167, 20 L. Ed. 382. This court has taken a similar position. Argo S. S. Co. v. Buffalo S. S. Co., 6 Cir., 223 F. 581, 588.

Finally, the appellants urge that their undertaking being to tow at the owner's risk, such contract should relieve them of liability for ordinary negligence. This contention cannot be sustained under the authorities, as was pointed out in the opinion of the district judge.

In the Steamer Syracuse case, supra, the Supreme Court at the outset of its opinion said: "It is unnecessary to consider the evidence relating to the alleged contract of towage, because, if it be true, as the appellant says, that, by special agreement, the canal-boat was being towed at her own risk, nevertheless, the steamer is liable, if, through the negligence of those in charge of her, the canal-boat has suffered loss. Although the policy of the law has not imposed on the towing boat the obligation resting on a common carrier, it does require on the part of the persons engaged in her management, the exercise of reasonable care, caution, and maritime skill, and if these are neglected, and disaster occurs, the towing boat must be visited with the consequences." 12 Wall. 171, 79 U.S. 171.

A later Supreme Court decision held that a tug which engages to tow a vessel into port, although not a common carrier nor an insurer, is bound to exercise reasonable skill and care in everything relating to the work until it is accomplished, and she is liable 'for the want of either to the extent of the damage sustained. The Margaret, 94 U.S. 494, 24 L.Ed. 146.

In Compania de Navegacion Interior, S. A. v. Fireman's Fund Insurance Company, 277 U.S. 66, 48 S.Ct. 459, 72 L. Ed. 787, it was held that a clause in a towage contract declaring that the towing boat shall not be responsible in any way for loss or damage to the tow, does not release the former from loss or damage due to the negligence of her master or crew. See also opinion of this court in Great Lakes Towing Co. v. American S. S. Co., 6 Cir., 165 F.2d 368, 370, 371, supra.

The final decree of the district court is affirmed.